IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-00057-01-CR-W-DW |
| ) | |
| DAN W. SLATER, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Dan W. Slater's Motion to Dismiss Indictment (doc #23). For the reasons set forth below, it is recommended that defendant's motion to dismiss be denied.

## I. INTRODUCTION

On February 11, 2015, the Grand Jury returned a one count indictment against defendant Dan W. Slater. The indictment charges:

> On or about July 23, 2014, in the Western District of Missouri, the defendant, DAN W. SLATER, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, to wit: a Smith and Wesson, Model 36, .38 caliber revolver, Serial Number 572615, which had been transported in interstate commerce contrary.
>
> All in violation of Title 18, United States Code, Sections 922(g)(1)[1] and

---

[1] 18 U.S.C. § 922(g)(1) provides:

> It shall be unlawful for any person—who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year … to … possess in or affecting commerce, any firearm … which has been shipped or transported in interstate … commerce.

924(a)(2).[2]

(Indictment (doc #1) at 1)

Defendant states that the discovery provided by the government indicates that he has two prior felony convictions in Lafayette County, Missouri. (Motion to Dismiss Indictment (doc #23) at 2) Specifically, defendant was convicted of tampering with a motor vehicle and burglary in the second degree.[3] (Id.) Defendant further advises that according to the discovery provided by the government, on July 23, 2014, defendant was in possession of a firearm he had taken[4] from a neighbor's home and defendant admitted possessing the firearm. (Id.) The government adds that defendant was on probation supervision at the time of the instant offense. (United States of America's Opposition to Defendant's Motion to Dismiss Indictment (doc #28) at 1)

## II. DISCUSSION

Defendant Slater argues that the felon in possession of a firearm charge should be dismissed because 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him. (Motion to Dismiss Indictment (doc #23) at 1) According to defendant, the statute infringes on his Second Amendment rights by applying a life-long ban on firearm possession even though he is not a violent felon. (Id.) Defendant contends that because the right to keep and bear arms is a fundamental right, strict scrutiny must be applied requiring the government to demonstrate that

---

[2] 18 U.S.C. § 924(a)(2) provides the penalty for a violation of 18 U.S.C. § 922(g)(1).

[3] The government explains that defendant was convicted of burglary in the second degree on September 3, 2013, and convicted of tampering with a motor vehicle in the first degree on November 19, 2007, after earlier receiving a suspended imposition of sentence and having his probation revoked. (United States of America's Opposition to Defendant's Motion to Dismiss Indictment (doc #28) at 2)

[4] The government states that defendant "stole" the firearm "from Edward Swarts' house, his elderly neighbor, while Mr. Swarts was in the hospital." (United States of America's Opposition to Defendant's Motion to Dismiss Indictment (doc #28) at 1)

2

section 922(g)(1) is narrowly tailored to serve the interest of promoting public safety. (Id. at 5-15)

The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In District of Columbia v. Heller, 554 U.S. 570, 595 (2008), the Supreme Court recognized that the Second Amendment conferred an individual right to keep and bear arms. However, the Court found that the right was not unlimited. Id. at 626. The Court stressed that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons …." Id. The Court further acknowledged that persons can be "disqualified from the exercise of Second Amendment rights." Id. at 635.

With respect to defendant's argument that strict scrutiny must be applied when analyzing the constitutionality of 18 U.S.C. § 922(g)(1), defendant has provided no case law in which a strict scrutiny analysis was used in the context of section 922(g)(1). While defendant Slater argues that the majority's analysis in Heller weighs in favor of applying strict scrutiny (Motion to Dismiss Indictment (doc #51) at 7-8), courts have found that "whatever standard of review the Court implicitly applied to Heller's right to keep arms in his home is inapplicable to [defendants such as Slater], a felon who was explicitly excluded from Heller's holding. United States v. Vongxay, 594 F.3d 1111, 1118 (9th Cir.), cert. denied, 562 U.S. 921 (2010). See also United States v. Pruess, 703 F.3d 242, 247 (4th Cir. 2012)(as a felon, "Pruess has no right—much less a fundamental right—to bear arms and we apply only rational basis review to Pruess' equal protection challenge");United States v. Jones, 673 F.Supp.2d 1347, 1353 (N.D. Ga. 2009) ("Defendant has offered no authority for his contention that strict scrutiny analysis of § 922(g)(1) is required or appropriate under the Second Amendment, and the undersigned declines to find that

3

it is."); United States v. Radencich, No. 3:08-CR-00048(01)RM, 2009 WL 127648, at *4 (N.D. Ind. Jan. 20, 2009)("several courts suggest that the intermediate test is now applicable when evaluating a Heller-based equal protection challenge").  Regardless of the standard of review used, be it rational basis or intermediate scrutiny, courts have unanimously upheld the constitutionality of 18 U.S.C. § 922(g)(1).

In United States v. Pruess, 703 F.3d 242 (4th Cir. 2012), the court set forth the following with respect to the defendant's argument that application of the felon-in-possession prohibition to him, an assertedly non-violent felon, violated the Constitution:

> Most specifically relevant, our sister circuits have consistently upheld applications of § 922(g)(1) even to non-violent felons.  See, e.g., United States v. Torres–Rosario, 658 F.3d 110, 113 (1st Cir. 2011)(rejecting an as-applied challenge to § 922(g)(1) by a drug offender with "no prior convictions for any violent felony"), cert. denied, ––– U.S. ––––, 132 S.Ct. 1766, 182 L.Ed.2d 549 (2012); [United States v. ] Barton, 633 F.3d [168] at 174 [(3d Cir. 2011)](same for felon with only prior drug and receipt of stolen weapon convictions); United States v. Rozier, 598 F.3d 768, 769 & n. 1 (11th Cir. 2010)(same for felon with only prior drug convictions); United States v. Vongxay, 594 F.3d 1111, 1113–14 (9th Cir. 2010)(same for felon with only prior non-violent car burglary and drug possession convictions); see also United States v. Skoien, 614 F.3d 638, 640 (7th Cir. 2010)(en banc)("[E]xtension of the [§ 922(g)(1)] disqualification to non-violent felons (embezzlers and tax evaders, for example) is presumptively constitutional, as Heller said ...."); United States v. Scroggins, 599 F.3d 433, 451 (5th Cir. 2010)("Prior to Heller, this circuit had already recognized an individual right to bear arms, and had determined that criminal prohibitions on felons (violent or nonviolent) possessing firearms did not violate that right.").
>
> We now join our sister circuits in holding that application of the felon-in-possession prohibition to allegedly non-violent felons like Pruess does not violate the Second Amendment. …

Pruess, 703 F.3d at 247.

Defendant Slater acknowledges that he cannot bring a facial challenge to 18 U.S.C. § 922(g)(1) as this argument is foreclosed by Circuit precedent. (Motion to Dismiss Indictment (doc #23) at 4) However, the "[Eighth] Circuit arguably has left open the possibility that certain defendants might be able to successfully bring [as-applied] challenges to the felon-in-possession statute." United States v. Siegrist, 595 F. App'x 666, 667 (8th Cir. 2015). The Siegrist court provided the following guidance:

> While we have not granted relief based on an as-applied challenge, we have suggested factors that might make relief more likely. For example, in Woolsey, we noted that such a challenge could not succeed if a defendant fails to "present[ ] 'facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections.'" [759 F.3d 905, 909 (8th Cir. 2014)](quoting United States v. Barton, 633 F.3d 168, 174 (3d Cir. 2011)(additional citation omitted)). We have also suggested that the nature of a defendant's prior convictions—violent or non-violent—would be material to the question of whether the defendant is "'more dangerous than a typical law-abiding citizen.'" Id. (quoting Barton, 633 F.3d at 174).

595 F. App'x at 667-68. See also United States v. Brown, 436 F. App'x 725, 726 (8th Cir. 2011), cert. denied 132 S.Ct. 1726 (2012).

Looking at those factors, it is clear defendant Slater's as-applied challenge to 18 U.S.C. § 922(g)(1) must fail. Defendant Slater has two prior felony convictions: one for tampering with a motor vehicle; the other for burglary. Defendant Slater's conviction for burglary in the second degree would be considered a violent felony for purposes of sentencing a defendant as an armed career criminal under 18 U.S.C. § 924(c) and U.S.S.G. § 4B1.4. See United States v. Brown, 323 F. App'x 479, 480-81 (8th Cir. 2009). Defendant's convictions are recent, with the last conviction occurring in 2013, and defendant was on probation supervision at the time he allegedly stole the firearm from his neighbor's house. Finally, defendant has a history of using/abusing cocaine, marijuana and methamphetamine. See Order for detention (doc #13) at 2.

5

Defendant Slater has not presented facts about himself and his background which would distinguish his circumstances from those of persons historically barred from Second Amendment protections. Defendant Slater has not shown that he is no more dangerous than a typical law-abiding citizen. Thus, defendant's as-applied challenge to the constitutionality of section 922(g)(1) must be rejected.

Defendant Slater further argues that a 2014 amendment to the Missouri Constitution[5] limits the reach of § 922(g)(1). This argument was recently rejected in United States v. Graham, No. 4:14CR333-RLW, 2015 WL 1611998 (E.D. Mo. Mar. 27, 2015). That case provided:

> Defendant argues that a 2014 amendment to the Missouri Constitution allows felons convicted only of violent offenses to be stripped of their right to possess a firearm. This he argues, in turn restricts the reach of 18 U.S.C. § 922(g)(1), because § 922(g)(1) depends at least in part on the state's firearm restrictions. …
>
> Defendant's argument that Article 1, § 23 of the Missouri Constitution limits the reach of § 922(g)(1) is without merit. Under § 922(g)(1) a person need only be convicted by any court of a crime punishable by one year or more. Federal firearm laws "focus not on reliability, but on the *mere* fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons." Lewis v. United States, 445 U.S. 55, 67 (1980)(emphasis added). "Congress focused on the nexus between violent crime and the possession of a firearm by any person with a criminal record." Id. The plain language of the statute does not limit convictions to only those which are violent. See United States v. Akens, 602 F.3d 904, 907 (8th Cir. 2010)(possession of a controlled substance); DeRoo v.

---

[5] Article 1, § 23 of the Missouri Constitution now states in part:

> That the right of every citizen to keep and bear arms, ammunition, and accessories typical to the normal function of such arms, in defense of his home, person, family and property, or when lawfully summoned in aid of the civil power, shall not be questioned. The rights guaranteed by this section shall be unalienable. Any restriction on these rights shall be subject to strict scrutiny and the state of Missouri shall be obligated to uphold these rights and shall under no circumstances decline to protect against their infringement. Nothing in this section shall be construed to prevent the general assembly form enacting general laws which limit the rights of convicted violent felons ….

6

United States, 223 F.3d 919, 922, 925-26 (8th Cir. 2000)(sale of a controlled substance). A conviction is sufficient if the defendant may be punishable by imprisonment exceeding one year. United States v. Tankersley, 374 F.3d 721, 722 (8th Cir. 2004)(only requires the possibility of serving over one year, not actually serving over one year). Additionally, this court has held "the right to possess a firearm under state law does not affect the ability of the federal government to restrict this right." United States v. Niccum, No. 4:09CR00171 ERW, 2009 WL 1382941, at *1 (E.D. Mo. May 14, 2009)(citing Caron v. United States, 524 U.S. 308, 315 (1998)).

Graham, 2015 WL 1611998, at *3-4. The court found defendant Graham's convictions in Missouri state court of possession of a controlled substance, a class C felony under Missouri law, and damaging jail property, a class D felony, both sufficient predicate offenses to a charge under 18 U.S.C. § 922(g)(1).

Regardless of whether defendant Slater would be viewed as a convicted "violent" felon in Missouri, he is restricted from possessing a firearm under federal law. Defendant Slater's arguments for dismissal must be denied.

## III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Dan W. Slater's Motion to Dismiss Indictment (doc #23).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and

7

Case 4:15-cr-00057-DW   Document 30   Filed 09/25/15   Page 7 of 8

Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

>  /s/ Sarah W. Hays
> SARAH W. HAYS
> UNITED STATES MAGISTRATE JUDGE